## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAURA J. BURNS**<br>and<br>**JACK W. BURNS**<br>2843 Dark Hollow Road<br>Medford, OR 97501<br><br>Plaintiff,<br><br>vs.<br><br>**ELI LILLY AND COMPANY**<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br><br>and<br><br>**BRISTOL-MYERS SQUIBB COMPANY**<br>a successor of E.R. SQUIBB & SONS, INC.<br>P. O. Box 4500<br>Princeton, NJ 08543<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005<br><br>and<br><br>**PHARMACIA and UPJOHN COMPANY**<br>(a/k/a THE UPJOHN COMPANY)<br>100 Route 206 North<br>Peapack, NJ 07977<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005<br><br>and<br><br>**ABBOTT LABORATORIES, INC.**<br>100 Abbott Park Road<br>Abbott Park, IL 60064<br>w/s/o CT CORPORATION<br>1025 Vermont Avenue, N.W.<br>Washington, D.C. 20005 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **CIVIL ACTION** _____<br><br>**SUPERIOR COURT NO. 0000794-07**<br><br>**DEFENDANT ELI LILLY AND<br>COMPANY'S NOTICE OF<br>REMOVAL OF CIVIL ACTION** |

136862v1
137505v1

)
**and**                                              )
                                                     )
**DART INDUSTRIES, INC., a successor to**            )
**REXALL DRUG COMPANY, INC.**                        )
w/s/o Sheila AnnMarie Moeller, Esq.                  )
**Gilbride, Tusa, Last & Spellane, LLC**             )
**31 Brookside Drive**                               )
**Greenwich, CT 06836**                              )
                                                     )
**and**                                              )
                                                     )
**GLAXOSMITHKLINE, INC.,**                           )
**a successor to S.E. Massengill and**               )
**Burroughs-Wellcome Co.,**                          )
**1500 K Street, NW**                                )
**Washington, D.C. 20036**                           )
                                                     )
**and**                                              )
                                                     )
**PREMO PHARMACEUTICAL**                             )
**LABORATORIES, INC.**                               )
w/s/o Corporation Trust Co.                          )
**820 Bear Tavern Road**                             )
**West Trenton, NJ 08628**                           )
                                                     )
**and**                                              )
                                                     )
**ORTHO MCNEIL LABS, INC.**                          )
**A Delaware Corporation**                           )
**1000 Route 202 South**                             )
**Raritan, NJ 08869**                                )
                                                     )
**and**                                              )
                                                     )
**PERSON & COVEY, INC.**                             )
**616 Allen Avenue**                                 )
**Glendale, CA 91221**                               )
                                                     )
**and**                                              )
                                                     )
**MERCK & COMPANY, INC.**                            )
**601 Pennsylvania Avenue, N.W.**                    )
**North Building, Suite 1200**                       )
**Washington, DC 20004**                             )
                                                     )

137505v1

**and**                                                    )
                                                           )
**ELAN PHARMACEUTICALS,**                                  )
**A successor to CARNRICK**                                )
**LABORATORIES, INC.,**                                    )
**w/s/o CT CORPORATION**                                   )
**1025 Vermont Avenue, NW**                                )
**Washington, DC 20005**                                   )
                                                           )
                                                           )
              **Defendants.**                              )

---

## DEFENDANT ELI LILLY AND COMPANY'S
## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

## INTRODUCTION

1.      On February 1, 2007, Plaintiff filed this case against Lilly, Bristol-Myers Squibb Company ("Squibb"), Pharmacia and Upjohn Company ("Upjohn"), Abbott Laboratories, Inc. ("Abbott"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline ("Glaxo"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), Ortho-McNeil Labs, Inc. ("Ortho"), Person & Covey, Inc. ("Person & Covey"), Merck & Company, Inc. ("Merck"), and Elan Pharmaceuticals ("Elan"). The action is styled as *Laura J. Burns v. Eli Lilly and Company, et al.*, Civil Action No. 0000794-07, in the Superior Court of the District of Columbia, Civil Division. In her Complaint, Plaintiff alleges that Nancy Vale's *in utero* exposure to diethylstilbestrol ("DES") caused invasive ductal carcinoma of the breast leading to a right mastectomy and permanent nerve damage and that Nancy Vale incurred medical expenses for care and treatment, and suffered physical and mental pain, as well as a decrease in life expectancy. *See* Complaint at ¶ 4.

3

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A.**

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiff served her Complaint in this action on Lilly on February 6, 2007. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based. Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. This action is being removed to the District Court for the district where the action is pending.

5.      Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiff filed this action in the Superior Court of the District of Columbia. No Defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, Plaintiff is a citizen of Oregon. *See* caption of Plaintiff's Complaint, listing Plaintiff's residence in Medford, Oregon.

4

137505v1

7.    Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana.  Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.    Squibb is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York.  Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York.  Squibb has consented to removal.  *See* Squibb Consent to Removal attached hereto as **Exhibit B.**

9.    Upjohn is a corporation organized under the laws of the State of Delaware with its principal place of business located in Michigan.  Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan.  Upjohn has consented to removal.  *See* Upjohn Consent to Removal attached hereto as **Exhibit C.**

10.    Abbott is a corporation organized under the laws of the State of Illinois with its principal place of business located in Illinois.  Pursuant to 28 U.S.C. § 1332(c)(1), Abbott is a citizen of Illinois.  Abbott has consented to removal.  *See* Abbott Consent to Removal attached hereto as **Exhibit D**.

11.    Dart is a corporation organized under the laws of the State of Delaware with its principal place of business located in Florida.  Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida.  Dart has consented to removal.  *See* Dart Consent to Removal attached hereto as **Exhibit E**.

12.    Glaxo is a corporation organized under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania.  Pursuant to 28 U.S.C. §

1332(c)(1), Glaxo is a citizen of Pennsylvania. Glaxo has consented to removal. *See* Glaxo Consent to Removal attached hereto as **Exhibit F**.

13.    Premo is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Premo is a citizen of New Jersey and Connecticut. Premo has consented to removal. *See* Premo Consent to Removal attached hereto as **Exhibit G**.

14.    Ortho is a corporation organized under the laws of the State of Delaware with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Ortho is a citizen of Delaware and New Jersey. Ortho has consented to removal. *See* Ortho Consent to Removal attached hereto as **Exhibit H**.

15.    Person & Covey is a corporation organized under the laws of the State of California with its principal place of business located in California. Pursuant to 28 U.S.C. § 1332(c)(1), Person & Covey is a citizen of California. Based upon information and belief, Person & Covey has not been served with a summons or complaint in this action.

16.    Merck is a corporation organized under the laws of the State of New Jersey with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Merck is a citizen of New Jersey. Merck has consented to removal. *See* Merck Consent to Removal attached hereto as **Exhibit I**.

17.    Elan is a corporation organized under the laws of the State of Delaware with its principal place of business located in California. Pursuant to 28 U.S.C. § 1332(c)(1),

Elan is a citizen of Delaware and California. Elan has consented to removal. *See* Elan Consent to Removal attached hereto as **Exhibit J**.

18.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

19.    In her Complaint, Plaintiff seeks $3,000,000 in compensatory damages from Defendants. *See* Complaint at p. 6. Based on Plaintiff's damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

20.    Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia. 28 U.S.C. § 1441(a).

21.    Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit K.**

22.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

23.    Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24.    Lilly reserves the right to amend or supplement this Notice of Removal.

137505v1

WHEREFORE, Lilly gives notice that the matter styled as *Laura J. Burns v. Eli Lilly and Company, et al.*, Civil Action No. 0000794-07, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone:  (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

137505v1

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this *22nd* day of February, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

**Attorneys for GlaxoSmithKline, Inc.**

Aaron M. Bailey
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

**Attorneys for Premo Pharmaceuticals Laboratories, Inc.**

Person & Covey, Inc.
616 Allen Avenue
Glendale, CA 91221

**Defendant**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793

**Attorneys for Abbott Laboratories, Inc.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202

**Attorneys for Elan Pharmaceuticals**

_John Chadwick Coats_

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

9

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LAURA J. BURNS<br>JACK W. BURNS<br>2843 Dark Hollow Road<br>Medford, OR 97501 | ELI LILLY & COMPANY<br>Lilly Corporate Center<br>Indianapolis, IN 46285 |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Jackson, OR
   (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Marion, IN
   **(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

AARON M. LEVINE
Aaron M. Levine & Associates
1320 19th Street, NW
Suite 500
Washington, DC 20036
PH: (202) 833-8040

ATTORNEYS (IF KNOWN)

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
Shook, Hardy & Bacon LLP
600 14th Street, N.W., Suite 800
Washington, DC 20005
PH: (202) 783-8400

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
     Plaintiff

○ 2 U.S. Government
     Defendant

○ 3 Federal Question
     (U.S. Government Not a Party)

● 4 Diversity
     (Indicate Citizenship of
     Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place<br>of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place<br>of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a<br>Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

● **B.** *Personal Injury/*
*Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency*
*Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
     Administrative Agency is Involved)

○ **D.** *Temporary Restraining*
*Order/Preliminary*
*Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*      **OR**      ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
     defendant
☐ 871 IRS-Third Party 26
     USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
     of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
     Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
     Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
     Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge 12 USC
     3410
☐ 900 Appeal of fee determination
     under equal access to Justice
☐ 950 Constitutionality of State
     Statutes
☐ 890 Other Statutory Actions (if
     not administrative agency
     review or Privacy Act

| ○ **G. Habeas Corpus/2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA**<br>**(non-employment)** | ○ **L. Other Civil Rights**<br>**(non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding ● 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury related to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ 3,000,000.00 Check YES only if demanded in complain

JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE February 22, 2007 SIGNATURE OF ATTORNEY OF RECORD *John Chadwick Cots*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# Exhibit A

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LAURA J. BURNS
and
JACK W. BURNS
2843 Dark Hollow Road
Medford, OR 97501

        Plaintiff,

  v.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o  NATIONAL REGISTERED AGENTS, INC.
      1090 Vermont Avenue, NW, #910
      Washington, DC 20005

    and

BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
w/s/o  CT CORPORATION
      1025 Vermont Avenue, N.W.
      Washington, D.C. 20005

    and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
w/s/o  CT CORPORATION
      1025 Vermont Avenue, N.W.
      Washington, D.C. 20005

    and

ABBOTT LABORATORIES, INC.
100 Abbott Park Road
Abbott Park, IL 60064
w/s/o  CT CORPORATION
      1025 Vermont Avenue, NW
      Washington, DC 20036

    and

Civil Action No.

RECEIVED
Civil Clerk's Office
FEB 01 2007
Superior Court of the
District of Columbia
Washington, D.C.

0000794-07

1

DART INDUSTRIES, INC. a successor to
REXALL DRUG COMPANY, INC.
w/s/o    Sheila AnnMarie Moeller, Esq.
         Gilbride, Tusa, Last & Spellane LLC
         31 Brookside Drive
         Greenwich, CT  06836

         and

GLAXOSMITHKLINE, INC.,
a successor to S. E. MASSENGILL CO.,
and BURROUGHS-WELLCOME, INC.
1500 K Street, NW
Washington, DC  20036

         and

PREMO PHARMACEUTICAL
LABORATORIES, INC.
w/s/o    CORPORATION TRUST CO.
         820 Bear Tavern Road
         West Trenton, NJ  08628

         and

ORTHO-MCNEIL PHARMACEUTICAL, INC
A Delaware Corporation
1000 Route 202 South
Raritan, NJ 08869

         and

PERSON & COVEY, INC
616 Allen Avenue
Glendale, CA 91221

         and

MERCK & COMPANY, INC.
P.O. Box 4
West Point, PA 19486
w/s/o    CT CORPORATION
         1025 Vermont Avenue, NW
         Washington, DC 20036

         and

ELAN PHARMACEUTICALS,
A successor to CARNRICK
LABORATORIES, INC.,
w/s/o    CT CORPORATION

]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]
]

2

1025 Vermont Avenue, NW ⎫
Washington, DC 20005 ⎬
 ⎬
Defendants. ⎭

## COMPLAINT
### (DES Litigation – Products Liability)

1.  Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.  Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3.  On or about 1954, during her pregnancy with Laura J. Burns, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in California. Her physician prescribed said drug during the pregnancy. The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the state of California.

4.  As a result of Laura J. Burns' embryonic exposure to DES, she suffered injuries, including but not limited to, invasive ductal carcinoma of the breast leading to a right mastectomy and permanent nerve damage. Ms. Burns has incurred medical expenses for care and treatment, suffered physical and mental pain, and a decrease in life expectancy as carcinoma of the breast carries.

5.  Said injuries were the result of the negligence of Defendant, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to heed and report adverse studies regarding the safety and efficacy of DES. Said injuries were the result of the negligence

3

of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of

DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6.  All of the allegations contained in Count I are realleged and incorporated herein by

reference.

7.  DES is, and at all times relevant to this action was, an unreasonably dangerous and

defective drug when used by pregnant women for its advertised and intended purpose as a

preventative of miscarriage.

8.  Defendants are engaged or have been engaged in the business of producing DES, and

are, or have been, commercial manufacturers of said drug.

9.  Laura J. Burns' mother purchased and ingested DES during her pregnancy with her,

and received and ingested DES in the same form and condition as when it left Defendants'

possession.

10. Said product was defective when placed on the market by Defendants.  DES was sold

by Defendants without sufficient warning or instructions.  A reasonable seller would not have

sold the product had he/she known of the risks involved.  The risks were greater than a

reasonable buyer would expect.

11. Defendants knew, or should have known, that pregnant women and their attending

physicians could not realize and could not detect the dangerous and harmful nature of DES.

Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have

been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the

safety and efficacy of DES.

4

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Laura J. Burns was unreasonably exposed to DES as an unborn child and suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Laura J. Burns for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Laura J. Burns and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendants, Laura J. Burns has been injured as aforesaid.

5

## COUNT IV
### (Loss of Consortium – Jack W. Burns)

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Plaintiff, Jack W. Burns is the husband of Laura J. Burns.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Jack W. Burns has been deprived of the love, services and affection of his wife, Laura J. Burns.

**WHEREFORE,** Plaintiff Laura J. Burns, individually, demands judgment against Defendants jointly and severally, in the sum of Two Million Dollars ($2,000,000.00) in compensatory damages, plus costs.

**WHEREFORE,** Plaintiff Jack W. Burns, individually, demands judgment against Defendants jointly and severally, in the sum of One Million Dollars ($1,000,000.00) in compensatory damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Brandon J. Levine, #412130

Renee L. Robinson-Meyer, #455375

Steven J. Lewis, #472564

Counsel for Plaintiff

6

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____

Aaron M. Levine

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| LAURA J. BURNS, et. al. | |
| *Plaintiff* | |
| VS. | Civil Action No. |
| ELI LILLY AND COMPANY | |
| *Defendant* | |

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| |
|---|
| Aaron M. Levine |
| Name of Plaintiff's Attorney |
| 1320 19th St., NW, Suite 500 |
| Address |
| Washington, DC 20036 |
| (202) 833-8040 |
| Telephone |

By _____
Deputy Clerk

Date | FEB 0 1 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAURA BURNS
    Vs.                                                                                     C.A. No.     2007 CA 000794 B
ELI LILLY AND COMPANY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  February 1, 2007
Initial Conference: 9:30 am, Friday, May 18, 2007
Location:  Courtroom 220
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

LAURA J. BURNS, et vir.        *

      Plaintiffs        *

                          Civil Action No.: 07-CA-0000794 B

v.                 *    Judge: Judith E. Retchin

ELI LILLY & COMPANY, et al.    *

      Defendants        *

        *     *     *     *     *     *     *     *     *

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.     As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2.     As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

       3.     As to Count I, Paragraphs 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

       4.     As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

       5.     As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

       6.     As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES or was previously a manufacturer of DES.

       7.     As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

       8.     As to Count III, Paragraphs 15, 16, 17 and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

       9.     As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

       10.     As to Count IV, Paragraph 20 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said

alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

4

## THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

## SEVENTEENTH DEFENSE

This Defendant states that Count III of the Complaint is barred because the Uniform Commercial Code as adopted by the District of Columbia requires that causes of action be filed within four years from tender of delivery of the product.

5

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/  Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2007, a copy of the foregoing Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C.  20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Gerry H. Tostanoski, Esquire
Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland  21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia  22314; *Attorneys for Person & Covey, Inc.*

/s/  Sidney G. Leech
Sidney G. Leech

8

# Exhibit B

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LAURA J. BURNS**                                          \*
**and**                                                          \*
**JACK W. BURNS**                                          \*
**2843 Dark Hollow Road**                                  \*
**Medford, OR 97501**                                      \*
                                                                 \*     **CIVIL ACTION** _____
                   **Plaintiff,**                          \*
                   **vs.**                                 \*     **SUPERIOR COURT NO. 0000794-07**
                                                                 \*
**ELI LILLY AND COMPANY, et al.**                          \*
**Lilly Corporate Center**                                 \*
**Indianapolis, IN 46285**                                 \*
                                                                 \*
                                                                 \*
                               **Defendants**.             \*

\* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.

_Sidney G. Leech_                    _w/permission dms_
Sidney G. Leech
Goodell, Devries, Leech & Dunn, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (404) 783-4000
Facsimile: (404) 783-4040

**ATTORNEYS FOR BRISTOL-MYERS
SQUIBB COMPANY**

137685v1

# Exhibit C

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LAURA J. BURNS**                                    \*
and                                                  \*
**JACK W. BURNS**                                    \*
**2843 Dark Hollow Road**                            \*
**Medford, OR 97501**                                \*
                                                     \*      **CIVIL ACTION** _____
    **Plaintiff,**               \*
    vs.                          \*      **SUPERIOR COURT NO. 0000794-07**
                                                     \*
**ELI LILLY AND COMPANY, et al.**                    \*
**Lilly Corporate Center**                           \*
**Indianapolis, IN  46285**                          \*
                                                     \*
                                                     \*
    **Defendants**.              \*

\* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT PHARMACIA AND UPJOHN COMPANY'S CONSENT TO REMOVAL

Defendant Pharmacia and Upjohn Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.

_Elizabeth Ewert_    _w/ permission Bcm_

Elizabeth Ewert
Michael McManus
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**ATTORNEYS FOR PHARMACIA AND UPJOHN COMPANY**

137684v1

# Exhibit D

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LAURA J. BURNS                    *
and                               *
JACK W. BURNS                     *
2843 Dark Hollow Road             *
Medford, OR 97501                 *
                                  *   CIVIL ACTION _____
        Plaintiff,                *
        vs.                       *   SUPERIOR COURT NO. 0000794-07
                                  *
ELI LILLY AND COMPANY, et al.     *
Lilly Corporate Center            *
Indianapolis, IN  46285           *
                                  *
                                  *
        Defendants.               *
* * * * * * * * * * * ** * * * * * * * * * * * * *
```

### DEFENDANT ABBOTT
### LABORATORIES, INC.'S CONSENT TO REMOVAL

Defendant Abbott Laboratories, Inc., with full reservation of any and all rights

and defenses, hereby consents to removal of the above-captioned action, which was originally

filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.


Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793

**ATTORNEYS FOR ABBOTT
LABORATORIES, INC.**

137688v1

# Exhibit E

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
LAURA J. BURNS                          *
and                                     *
JACK W. BURNS                           *
2843 Dark Hollow Road                   *
Medford, OR 97501                       *
                                        *    CIVIL ACTION _____
              Plaintiff,                *
              vs.                       *    SUPERIOR COURT NO. 0000794-07
                                        *
ELI LILLY AND COMPANY, et al.           *
Lilly Corporate Center                  *
Indianapolis, IN  46285                 *
                                        *
                                        *
              Defendants.               *
* * * * * * * * * * ** * * * * * * * * * * * * *
```

## DEFENDANT DART INDUSTRIES INC.'S CONSENT TO REMOVAL

Defendant Dart Industries, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

**ATTORNEYS FOR DART INDUSTRIES, INC.**

137687v1

# Exhibit F

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * * * * * * * * * * * * *

LAURA J. BURNS                    *
and                               *
JACK W. BURNS                     *
2843 Dark Hollow Road             *
Medford, OR 97501                 *
                                  *   CIVIL ACTION _____
         Plaintiff,               *
         vs.                      *   SUPERIOR COURT NO. 0000794-07
                                  *
ELI LILLY AND COMPANY, et al.     *
Lilly Corporate Center            *
Indianapolis, IN 46285            *
                                  *
                                  *
         Defendants.              *

* * * * * * * * * * * ** * * * * * * * * * * * *

## DEFENDANT GLAXOSMITHKLINE'S CONSENT TO REMOVAL

Defendant GlaxoSmithKline, with full reservation of any and all rights and

defenses, hereby consents to removal of the above-captioned action, which was originally filed

in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.


_____
Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

## ATTORNEYS FOR GLAXOSMITHKLINE

137691v1

# Exhibit G

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **LAURA J. BURNS** * | |
| and * | |
| **JACK W. BURNS** * | |
| **2843 Dark Hollow Road** * | |
| **Medford, OR 97501** * | |
| * | **CIVIL ACTION** _____ |
| **Plaintiff,** * | |
| **vs.** * | **SUPERIOR COURT NO. 0000794-07** |
| * | |
| **ELI LILLY AND COMPANY, et al.** * | |
| **Lilly Corporate Center** * | |
| **Indianapolis, IN  46285** * | |
| * | |
| * | |
| **Defendants**. * | |

\* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT PREMO PHARMACEUTICAL
## LABORATORIES INC.'S CONSENT TO REMOVAL

Defendant Premo Pharmaceutical Laboratories, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.

_Aaron M. Bailey_ w/ permission from

Diana M. Scharf
Aaron M. Bailey
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

**ATTORNEYS FOR PREMO
PHARMACEUTICAL INC.**

137833v1

# Exhibit H

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LAURA J. BURNS**          \*
**and**          \*
**JACK W. BURNS**          \*
**2843 Dark Hollow Road**          \*
**Medford, OR 97501**          \*
         \*   **CIVIL ACTION** _____
       **Plaintiff,**    \*
       **vs.**        \*   **SUPERIOR COURT NO. 0000794-07**
         \*
**ELI LILLY AND COMPANY, et al.**    \*
**Lilly Corporate Center**        \*
**Indianapolis, IN  46285**        \*
         \*
         \*
      **Defendants.**    \*

\* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ORTHO-MCNEIL
## PHARMACEUTICAL, INC.'S CONSENT TO REMOVAL

       Defendant Ortho-McNeil Pharmaceutical, Inc., with full reservation of any and all

rights and defenses, hereby consents to removal of the above-captioned action, which was

originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this

Court.

 

 

*Elizabeth Ewert*          *w/ permission Con*
_____
Elizabeth Ewert
Michael McManus
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**ATTORNEYS FOR ORTHO-MCNEIL**
**PHARMACEUTICAL, INC.**

137690v1

# Exhibit I

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **LAURA J. BURNS** | \* |
| and | \* |
| **JACK W. BURNS** | \* |
| **2843 Dark Hollow Road** | \* |
| **Medford, OR 97501** | \* |
| | \* |
| **Plaintiff,** | \* |
| vs. | \* |
| | \* |
| **ELI LILLY AND COMPANY, et al.** | \* |
| **Lilly Corporate Center** | \* |
| **Indianapolis, IN  46285** | \* |
| | \* |
| | \* |
| **Defendants**. | \* |

**CIVIL ACTION** _____

**SUPERIOR COURT NO. 0000794-07**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT MERCK & COMPANY, INC.'S CONSENT TO REMOVAL

Defendant Merck and Company, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.

Elizabeth Ewert
by / permission slw

Elizabeth Ewert
Michael McManus
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**ATTORNEYS FOR
MERCK & COMPANY, INC.**

137689v1

# Exhibit J

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LAURA J. BURNS**                 \*
**and**                             \*
**JACK W. BURNS**              \*
**2843 Dark Hollow Road**      \*
**Medford, OR 97501**          \*
                                   \*    **CIVIL ACTION** _____
          **Plaintiff,**        \*
          **vs.**                   \*    **SUPERIOR COURT NO. 0000794-07**
                                   \*
**ELI LILLY AND COMPANY, et al.**   \*
**Lilly Corporate Center**       \*
**Indianapolis, IN  46285**       \*
                                   \*
                                   \*
                **Defendants.**    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ELAN PHARMACEUTICALS'S CONSENT TO REMOVAL

       Defendant Elan Pharmaceuticals Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 0000794-07), to this Court.

<br>

                           _Jaime W. Luse_

                    Jaime Walker Luse, Bar No. 501944
                    Tydings & Rosenberg, LLP
                    100 East Pratt Street, 26th Floor
                    Baltimore, MD 21202
                    410-752-9700 (p)
                    410-727-5460 (f)

                    **ATTORNEYS FOR ELAN**
                    **PHARMACEUTICALS**

#609171v.1

# Exhibit K

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **LAURA J. BURNS**<br>and<br>**JACK W. BURNS**<br>**2843 Dark Hollow Road**<br>**Medford, OR 97501**<br><br>Plaintiff,<br><br>vs.<br><br>**ELI LILLY AND COMPANY**<br>**Lilly Corporate Center**<br>**Indianapolis, IN  46285**<br><br>and<br><br>**BRISTOL-MYERS SQUIBB COMPANY**<br>**a successor of E.R. SQUIBB & SONS, INC.**<br>**P. O. Box 4500**<br>**Princeton, NJ  08543**<br>**w/s/o CT CORPORATION**<br>**1025 Vermont Avenue, N.W.**<br>**Washington, D.C. 20005**<br><br>and<br><br>**PHARMACIA and UPJOHN COMPANY**<br>**(a/k/a THE UPJOHN COMPANY)**<br>**100 Route 206 North**<br>**Peapack, NJ  07977**<br>**w/s/o CT CORPORATION**<br>**1025 Vermont Avenue, N.W.**<br>**Washington, D.C. 20005**<br><br>and<br><br>**ABBOTT LABORATORIES, INC.**<br>**100 Abbott Park Road**<br>**Abbott Park, IL  60064**<br>**w/s/o CT CORPORATION**<br>**1025 Vermont Avenue, N.W.**<br>**Washington, D.C. 20005** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **SUPERIOR COURT NO.**<br>)        **2007 CA 000794 B**<br>)<br>)<br>)<br>)  **DEFENDANT ELI LILLY AND**<br>)  **COMPANY'S NOTICE OF**<br>)  **REMOVAL TO FEDERAL COURT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

137515v1

                                                                )
**and**                                                         )
                                                                )
**DART INDUSTRIES, INC., a successor to**                       )
**REXALL DRUG COMPANY, INC.**                                   )
w/s/o Sheila AnnMarie Moeller, Esq.                             )
**Gilbride, Tusa, Last & Spellane, LLC**                        )
**31 Brookside Drive**                                          )
**Greenwich, CT 06836**                                         )
                                                                )
**and**                                                         )
                                                                )
**GLAXOSMITHKLINE, INC.,**                                      )
**a successor to S.E. Massengill and**                          )
**Burroughs-Wellcome Co.,**                                     )
**1500 K Street, NW**                                           )
**Washington, D.C. 20036**                                      )
                                                                )
**and**                                                         )
                                                                )
**PREMO PHARMACEUTICAL**                                        )
**LABORATORIES, INC.**                                          )
w/s/o Corporation Trust Co.                                     )
**820 Bear Tavern Road**                                        )
**West Trenton, NJ 08628**                                      )
                                                                )
**and**                                                         )
                                                                )
**ORTHO MCNEIL LABS, INC.**                                     )
**A Delaware Corporation**                                      )
**1000 Route 202 South**                                        )
**Raritan, NJ 08869**                                           )
                                                                )
**and**                                                         )
                                                                )
**PERSON & COVEY, INC.**                                        )
**616 Allen Avenue**                                            )
**Glendale, CA 91221**                                          )
                                                                )
**and**                                                         )
                                                                )
**MERCK & COMPANY, INC.**                                       )
**601 Pennsylvania Avenue, N.W.**                               )
**North Building, Suite 1200**                                  )
**Washington, DC 20004**                                        )
                                                                )

137515v1

**and** )
)
**ELAN PHARMACEUTICALS,** )
**A successor to CARNRICK** )
**LABORATORIES, INC.,** )
**w/s/o CT CORPORATION** )
**1025 Vermont Avenue, NW** )
**Washington, DC 20005** )
)
)
          **Defendants.** )

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    THE CLERK OF THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, CIVIL DIVISION

       PLEASE TAKE NOTICE that on the 22nd day of February, 2007, Defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia, a Notice of Removal of the above-styled action. A true and accurate copy of such Notice of Removal is attached hereto as Exhibit "1" and is incorporated herein by reference.

       Pursuant to 28 U.S.C. § 1446(d), the filing of the attached Notice of Removal has effected the removal of the above-styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

                Respectfully submitted,

                /s/ John Chadwick Coots_____
                Michelle R. Mangrum, D.C. Bar No. 473634
                John Chadwick Coots, D.C. Bar No. 461979
                Emily J. Laird, D.C. Bar No. 485890
                SHOOK, HARDY & BACON L.L.P.
                600 14th Street, N.W., Suite 800
                Washington, DC  20005-2004
                Phone:  (202) 783-8400; Fax: (202) 783-4211

                and

                David W. Brooks

SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

4

# CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, I caused the following documents:

**DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

I further certify that I caused true and accurate copies of the above listed documents to be mailed by first-class mail, postage paid, to the following counsel of record:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036

**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Aaron M. Bailey
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001

**Attorneys for Premo Pharmaceuticals Laboratories, Inc.**

Person & Covey, Inc.
616 Allen Avenue
Glendale, CA 91221

**Defendant**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793

**Attorneys for Abbott Laboratories, Inc.**

5

137515v1

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA  22102

**Attorneys for Dart Industries, Inc.**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204

**Attorneys for GlaxoSmithKline, Inc.**

Gerry H. Tostanoski
Jaime W. Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD  21202

**Attorneys for Elan Pharmaceuticals**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

137515v1