UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
LAURA BURNS and JACK W. BURNS    )
                                 )
            Plaintiffs,          ) CIVIL ACTION No. 1:07-CV-000382 (JR)
        v.                       ) NEXT EVENT:
                                 )
ELI LILLY AND COMPANY, et al.,   )
                                 )
            Defendants.          )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

## PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

COME NOW Plaintiffs Laura Burns and Jack W. Burns, through counsel, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and move the Court for an Order dismissing the above-referenced cause without prejudice against Defendants Bristol-Meyers Squibb Company, Merck & Company, Person & Covey, Inc., and Dart Industries, Inc. (the "Remaining Defendants"), and as grounds therefore state:

1.  This is a pharmaceutical products liability case in which Plaintiffs claim damages as a result of breast cancer suffered by Plaintiff Laura Burns as a result of her prenatal exposure to diethylstilbestrol ("DES"). See Complaint.

2.  Plaintiffs filed their complaint in D.C. Superior Court on February 1, 2007, alleging claims arising under California law. On February 22, 2007, Defendant Eli Lilly and Company ("Lilly") removed this case to the present Court.

3.  Plaintiffs wish to dismiss their claims without prejudice. Consent was requested to file a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). Defendants Lilly, Ortho-McNeil Pharmaceuticals, Inc., Pharmacia and Upjohn Company, Premo Pharmaceuticals Laboratories, Inc., Abbott Laboratories, Inc., GlaxoSmithKline, Inc. and Elan

Pharmaceuticals have consented to the filing of a Stipulation. The Remaining Defendants did not consent to Plaintiffs' request.

 4. Rule 41(a)(2) allows Plaintiffs to dismiss their case without prejudice. "In federal practice, voluntary dismissals sought in good faith are ordinarily granted if the only harm suffered by the defendant is the expense of preparing a responsive pleading," Conafay v. Wyeth Labs, 793 F.2d 350, 353 (D.C. Cir. 1986). The prospect of a second lawsuit against the same defendants is not a harm to be considered on a voluntary motion to dismiss. Id. Even when good faith is "questionable," voluntary dismissals without prejudice prior to the completion of discovery are generally granted. See In re Vitamins Antitrust Litigation, 198 F.R.D. 296, 304, 305-6 (D.D.C. 2000) (calling into question plaintiffs' good faith due to a prior year of litigation but allowing voluntary dismissal without prejudice as discovery was still in the early stages.

 5. The standard for determining whether a defendant is prejudiced by a voluntary dismissal has the Court consider four factors: "(1) the defendants' effort and expense for preparation of trial; (2) excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action; (3) the adequacy of plaintiffs' explanation of the need for dismissal; and (4) the stage of litigation at the time the motion to dismiss is made," In re Vitamins Antitrust Litigation, 198 F.R.D. at 304. Defendants are not prejudiced by any of these factors.

 6. Defendants have expended minimal effort and expense. All Remaining Defendants but one have only filed answers. Defendant Person & Covey, Inc. has not yet filed any responsive document. Furthermore, the expenditure of unnecessary expenses by Defendants does not prevent Plaintiffs from dismissing their claims without prejudice. See In re Vitamins Antitrust Litigation, 198 F.R.D. at 304 (holding that dismissal is not the proper remedy for unnecessary expenses).

7.  There is no issue of delay or lack of diligence. This case is in its infancy and no prejudice results to any Remaining Defendant by the granting of Plaintiffs' motion. The present case has been in this Court less than one month and has been less than one month in existence. If a case is in the early stages of litigation, there is no issue of delay even though Plaintiffs did not file their motion until Lilly filed its Motion to Dismiss. See Johnson v. Wynne, No. 05-2079, 2006 U.S. Dist. LEXIS 90765 at *10-11 (D.D.C. Dec. 18, 2006) (finding no unnecessary delay when plaintiff filed motion for voluntary dismissal three months after defendant filed its 12(b)(6) motion and one day before plaintiff's response to that motion was due, since case had only been pending for eight months). Diligence by plaintiff can be shown by making a Rule 41(a)(2) motion shortly after filing. Wilson v. Eli Lilly and Co., 222 F.R.D. 99, 100 (D. Md. 2004).

8.  Plaintiffs have cause for voluntary dismissal. As Lilly's Motion to Dismiss relates, this case involves complex issues of California law, including determination of California market share and the proper form of pleading under California law, neither of which are well-supported by reported decisions. This case would be better decided in a California court, and Plaintiffs seek dismissal to re-file there.

9.  This case is at the earliest stage in litigation and dismissal is proper. There have been no scheduling conferences nor has the calendar been set. No discovery has issued.

WHEREFORE, Plaintiffs respectfully request this Court to grant their Motion to Dismiss Without Prejudice as to the Remaining Defendants.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

/s/  Aaron M. Levine
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Counsel for Plaintiffs

### LCvR 7.1(m) CERTIFICATION

Counsel for Plaintiffs certifies that on March 6, 2007, that Plaintiffs, through counsel, asked for consent from Defendants to file a Stipulation of Dismissal Without Prejudice. Defendants Eli Lilly and Company, Ortho-McNeil Pharmaceuticals, Inc., Pharmacia and Upjohn Company, Premo Pharmaceuticals Laboratories, Inc., Abbott Laboratories, Inc., GlaxoSmithKline, Inc. and Elan Pharmaceuticals consented to a stipulation.  The other Defendants did not consent and do not consent to this motion.

/s/ Aaron M. Levine